UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| BYUNG W. SEO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-3703 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| EDUCATION CREDIT | ) | |
| MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Byung Seo filed a Complaint, alleging five violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C § 1692, *et seq.* Defendant Education Credit Management Corporation filed a Motion for Judgment on the Pleadings [21] pursuant to Federal Rule of Civil Procedure 12(c). Defendant's Motion [21] is granted.

## **BACKGROUND**

The following facts are taken from the Complaint and are presumed to be true for the purposes of a Motion for Judgment on the Pleadings.

Plaintiff is a resident of Illinois. (Compl., ¶ 4.) Defendant is a corporation with its principal office in Minnesota. (*Id.*, ¶ 5.) Plaintiff incurred an obligation for an educational loan. See (*Id.*, ¶ 3.)[1] On July 9, 2010, Plaintiff filed a bankruptcy petition. (*Id.*, ¶ 10.) On October 25, 2010, Defendant filed a claim in the bankruptcy proceedings for $101,144.24. (*Id.*, ¶ 11.) Defendant received the full amount from the bankruptcy trustee. (*Id.*, ¶ 12.) On

---

[1] The Complaint does not specifically state that the debt is a student loan; however, this is not in dispute.

March 12, 2015, Plaintiff received a discharge from the bankruptcy proceedings. (*Id.*, ¶ 13.) On March 30, 2015, Defendant sent Plaintiff a letter to collect additional funds. (*Id.*, ¶ 14.) In the letter, Defendant stated that they would garnish Plaintiff's wages, file a lawsuit, and/or pursue other collection efforts. (*Id.*, ¶ 15.)

## LEGAL STANDARD

Rule 12(c) permits a party to move for judgment on the pleadings, which consist of the "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)). A motion judgment on the pleadings "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). In ruling on a 12(b)(6) motion, the allegations in the plaintiff's complaint are taken as true. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). However, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). In order to survive a 12(b)(6) motion, the complaint must "contain sufficient factual material . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

## ANALYSIS

Plaintiff alleges that Defendant violated the FDCPA by: (1) communicating with him after having notice that he was represented, (2) misrepresenting the character, amount, and/or

legal status of the debt, (3) using false representations and/or deceptive means to collect or attempt to collect the debt, (4) engaging in unfair and/or unconscionable means to collect or attempt to collect the debt, and (5) engaging in false, deceptive, or misleading methods to collect the debt.

Defendant argues that it should be granted judgment on the pleadings because it is not a debt collector pursuant to the FDCPA but a non-profit guaranty agency. In order to state a case under the FDCPA, the defendant must be a debt collector. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). A debt collector is defined by the FDCPA as any person who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Defendant argues that it should be granted judgment on the pleadings because it operated incidental to a *bona fide* fiduciary obligation. An exception to the definition of a debt collector under the FDCPA is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a *bona fide* fiduciary obligation or a *bona fide* escrow arrangement." 15 U.S.C.A. § 1692a(6)(F)(i).

"Under the Family Federal Education Loan (FFEL) Program, student loans, such as [Plaintiff's] loan, are guaranteed either by a state agency or by a 'private nonprofit organization that has an agreement with the Secretary [of the Department of Education] under which it will administer a loan guarantee program under the Higher Education Act.'" *Bennett v. Premiere Credit of N. Am., LLC*, 504 F. App'x 872, 876 (11th Cir. 2013) (citing 34 C.F.R.

3

§ 682.200; 20 U.S.C. § 1078(a)(1)). The Seventh Circuit has stated that Defendant is "a non-profit corporation that acts as a guarant[y] agency and occasionally handles the defaulted [Federal Family Education Loan Program] loans of debtors who file a petition for relief under Chapter 13." *Black v. Educ. Credit Mgmt. Corp.*, 459 F.3d 796, 798 (7th Cir. 2006). Plaintiff argues that whether Defendant is a guaranty agency is a fact question that is inappropriate to determine in a motion to dismiss. However, "the decision of another court or agency . . . is a proper subject of judicial notice." *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996).

As a guaranty agency, Defendant is in a fiduciary relationship with the Department of Education for the purpose of the Federal Family Education Loan Programs. *See* 34 C.F.R. § 682.419(a) ("The guaranty agency must exercise the level of care required of a fiduciary charged with the duty of protecting, investing, and administering the money of others."). The Eleventh Circuit has held that the "Fair Debt Collection Practices Act, . . . , does not apply to the defendant, because [Defendant] is a 'person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a *bona fide* fiduciary obligation. . . .' 15 U.S.C. § 1692a(6)(F)(i)." *Pelfrey v. Educ. Credit Mgmt. Corp.*, 208 F.3d 945 (11th Cir. 2000). "Other courts have held that the relationship between a guaranty agency and the DOE is that of a fiduciary to a beneficiary." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1034 (9th Cir. 2009) (collecting cases). As a guarantor of the FFEL loan, Defendant was acting incidental to a *bona fide* fiduciary obligation. Plaintiff argues that the principal debt was discharged in bankruptcy proceedings and that Defendant was acting as a debt collector in seeking to collect post-petition interest. However, "interest continues to accrue during the pendency of the bankruptcy proceedings and, . . . , the debtor remains personally

4

liable for the full amount of the student loan debt." *In re Kielisch*, 258 F.3d 315, 321 (4th Cir. 2001) (citing *In re Cousins*, 209 F.3d 38, 40 (4th Cir. 2000)).

Defendant is not subject to the FDCPA because, as a guarantor acting in a fiduciary relationship with the Department of Education, it does not fall under the definition of a debt collector.

## CONCLUSION

For the reasons discussed above, Defendant's Motion for Judgment on the Pleadings [21] is granted; judgment is entered in favor of Defendant.

Date: _____February 9, 2016_____  _____
JOHN W. DARRAH
United States District Court Judge